UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

RENY RIVERO,                                                    Case No. 11-CV-4810 (ENV)(LB)

                          Plaintiff,

                                                               ANSWER to
       -against-                                               First Amended Complaint


CACH LLC
DANIELS & NORELLI, PC,
Ira R. Sitzer
Fred G. Daniels
George H. Norelli
Helen Ferino
                          Defendants.
-------------------------------------------------------------x


       Defendant **DANIELS & NORELLI, P.C., (D&N)** by its attorney James P.
Scully, as and for its answer to plaintiff's complaint alleges as follows:


       1.  Neither admits nor denies the allegations contained in paragraph 1 of the

Complaint insofar as the allegations consist solely of conclusions of law to be determined

by the Court and to which no response is necessary.  With respect to the New York City

Administrative Rules governing debt collection, there is no private right of action

available to the Plaintiff herein, nor is a violation of the NYC Code a Per Se violation of

the FDCPA.  Furthermore there is no Federal Jurisdiction over any purported violations

of the NYC Code.

2.   Neither admits nor denies the allegations contained in paragraph 2 of the

Complaint insofar as the allegations consist solely of conclusions of law to be determined

by the Court and to which no response is necessary.  Furthermore, as there exists

statutory relief for the Plaintiff's assertions pursuant to the FDCPA, the Court cannot

grant Plaintiff relief for declaratory judgment pursuant to 28 USC §2201 and 28 USC

§2202.

3.   Defendant D&N admits to paragraph 3 to the extent that Plaintiff is

a natural person and resides at 131 Silver Lake Road  Staten Island, NY

4.   Defendant D&N admits to paragraph 4 of the Complaint to the

extent that Plaintiff is a consumer within the meaning of the FDCPA and deny all other

allegations.

5.   Defendant D&N admits to paragraph 6 of the Complaint to the extent that

it is licensed by the New York City Department of Consumer Affairs and that it regularly

engages in the collection of debt from Carle Place, New York, all other allegations are

denied.

6.   Defendant D&N denies the allegations contained in paragraphs 14

through 16 of the Complaint.

7.    Defendant D&N neither admits nor denies the the allegations contained in paragraph 17 of the Complaint accept to the extent that the Defendant D&N believed the Plaintiff to reside at 131 Silver Lake Rd Staten Island, NY.


8.    Defendant D&N denies the allegations contained in paragraphs 18 through 31, also including the extra paragraph 15 that appears after paragraph 31 of the Complaint.


## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

9.    The complaint fails to state a claim against the defendants upon which relief may be granted.


## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

10. Defendant has at all times relevant to the circumstances alleged by the plaintiff and the underlying facts of this action complied fully with its statutory obligations under applicable New York State and Federal Law.


## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

11. Without prejudice to defendant's denial of any violation of the FDCPA as alleged in plaintiff's complaint, in the event that the court determines that such violation(s) occurred, said violations were not intentional on the part of the defendant and

resulted from bona fide error notwithstanding maintenance of procedures reasonably adapted to avoid such errors.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

12. Plaintiff's claims may be barred, in whole or part, by the applicable statute of limitations.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

13. Plaintiff's complaint fails to comply with FRCP 8(a) as it fails to contain a short and plain statement of the claim showing that the plaintiff is entitled to relief.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

14. The claims fail, in whole or in part, because of plaintiff's own acts or omissions.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims may be barred, in whole or in part, by the applicable statute of repose, doctrines of payment, waiver, ratification, novation, estoppel and/or laches.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims in this action should have been raised as counterclaims and/or defenses in the underlying action in the Civil Court of the City of New York, County of Richmond (Index No.: 14635/09) in which the defendant sought to collect an

unpaid credit card balance from the plaintiff and upon which a judgment on the merits in

favor of the Defendant herein, CACH LLC, was entered.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

17. Plaintiff's claims should be barred as this action is brought in Bad Faith,

Frivolously and with Unclean Hands.


**WHEREFORE**, defendant DANIELS & NORELLI, P.C., demands

Judgment dismissing the plaintiff's complaint in its entirety, together with the costs and

disbursements of this action and such other and further relief as the Court deems proper.



Dated: Carle Place, New York
       January 25, 2012

By:_____
      JAMES P. SCULLY (JS1424)
One Old Country Road #LL5
Carle Place, New York 11514
(516)338-7520
jscully@danielsnorelli.com


To:    Reny Rivero
       131 Silver Lake Road #406
       Staten Island, NY 10301