U.S. DISTRICT COURT E.D.N.Y.  *Recv'd* 3/13/14

★ MAR 13 2014 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------x

RENY RIVERO,                                           :

       Plaintiff,        :

           :

  -against-                                        :

           :

CACH LLC, DANIELS & NORELLI, P.C., IRA        :
R. SITZER, FRED G. DANIELS, GEORGE H.        :
NORELLI AND HELEN FERINO                        :

           :

       Defendants.        :

------------------------------------------------------------x

**MEMORANDUM & ORDER**

11-CV-04810 (ENV)(LB)

VITALIANO, D.J.

  *Pro se* plaintiff Reny Rivero brings this action seeking damages under the

Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, against defendants

Cach LLC ("Cach"), one of Rivero's consumer debt creditors; Daniels & Norelli

P.C. ("D&N"), the debt collection law firm retained by Cach; three D&N employees,

Ira R. Sitzer, Fred G. Daniels, and George H. Norelli; and attorney Helen Ferino.

On May 16, 2012, D&N made Rivero a written offer of judgment, pursuant to

Federal Rule of Civil Procedure 68, in the amount of $1001 plus costs.  Rivero

declined the offer of judgment.  Defendants, represented by D&N, now move to

dismiss the complaint on the ground that Rivero's rejection of this offer deprives the

Court of subject matter jurisdiction, or alternatively, assuming jurisdiction, for

summary judgment on behalf of defendants Cach, Daniels, Norelli, and Ferino.  For

the reasons set forth below, the motion to dismiss is denied and the motion for

summary judgment is granted.

## Background

D&N was retained by Cach to collect consumer credit card debt purportedly owed to Cach by various debtors, including Rivero. (Scully Aff., Dkt. No. 46, at ¶ 2.) After allegedly trying to reach Rivero to resolve the debt, D&N brought a civil action against him in Civil Court, Richmond County. (*Id.*) Rivero's failure to respond to the complaint resulted in the entry of a default judgment on December 8, 2009. (*Id.*). On or about October 1, 2010, Rivero received a phone message from D&N seeking to collect the debt, the first communication he claims to have received regarding the debt. (2d Am. Compl., Dkt. No. 27, ¶ 14.) That same day, plaintiff prepared a letter pursuant to 15 U.S.C. 1692g(b), which he subsequently sent to D&N by fax and certified mail, disputing the debt and demanding that D&N validate the debt by competent evidence, and that D&N cease and desist contacting him via telephone.[1] (*See id.* ¶¶ 16-18; Exs. A and B to 2d Am. Compl., Dkt. No. 29.) In March 2011, Rivero moved to vacate the default judgment in Civil Court, based on lack of service of process, claiming that service had been made at the wrong

---

[1]    Pursuant to 15 U.S.C. § 1692g(b), if a consumer notifies the debt collector within thirty days of the "initial communication" from the debt collector

> that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

address.  (2d Am. Compl. ¶¶ 24-26.[2])  On June 20, 2011, at what was to be a traverse hearing over service of process, the parties agreed by stipulation to vacate the default judgment, and Rivero agreed to file an answer within 20 days, which he subsequently did.  (Scully Aff. ¶ 3; 2d Am. Compl. ¶ 30).  On October 7, 2011, Cach moved for summary judgment in the Civil Court proceeding, which was granted on December 7, 2011.[3]  (*Id.* ¶¶ 4, 6).  There was no appeal.

While the state court action was pending, Rivero filed this lawsuit on September 30, 2011, alleging violations of various provisions of FDCPA and New York City Local Law 15,[4] seeking both actual and statutory damages.  (Compl., Dkt. No. 1.)  On January 12, 2012, plaintiff filed an amended complaint adding defendants Sitzer, Daniels, Norelli, and Ferino.[5]  (Dkt. No. 11.)  D&N answered the

---

[2]   Rivero asserted that he first learned about the December 2009 default judgment against him by searching the Civil Court's website in September 2010, after members of a debtor's assistance website suggested he do so.  (See Scully Aff. Ex. B ("Rivero Dep.") at 10).

[3]   Cach was awarded a judgment against Rivero for $2,978.02 plus 9% interest from March 31, 2008.

[4]   It is unnecessary to decide if New York City Local Law 15 creates a private cause of action, as it has been determined that Local Law 15 cannot be constitutionally applied to law firms or their employees, and no claim against Cach would stand for the reasons set out below. *Berman, P.C. v. City of New York*, 895 F. Supp. 2d 453, 463 (E.D.N.Y. 2012). Thus, as to all defendants, the claims under Local Law 15 are dismissed.

[5]   FDCPA imposes liability on "debt collectors" who engage in prohibited activities. 15 U.S.C. § 1692e.  While the Second Circuit has yet to rule explicitly on whether an individual employee of a debt collection agency can be liable under FDCPA as a "debt collector," many courts, including those within this district, have recognized that "individual liability may be imposed where the defendant sought to be held liable personally engaged in the prohibited conduct." *Krapf v. Prof'l Collection Servs., Inc.*, 525 F. Supp. 2d 324, 327 (E.D.N.Y. 2007) (citing cases); *see also Castro v. Green Tree Servicing LLC*, 10-cv-7211, 2013 WL 4105196, n.8 (S.D.N.Y. Aug. 14, 2013). The

amended complaint on January 26, 2012.  The remaining defendants filed their joint answer on February 20, 2012, which included counterclaims seeking attorney's fees and an order under 28 U.S.C. § 1651 barring plaintiff from bringing further actions *pro se* absent leave of court.  On March 27, 2012, Rivero filed a second amended complaint, and an answer to defendants' counterclaims.  (Dkt. No. 27.)

The complaint charges that, in violation of FDCPA, D&N and its named employees made over 15 wrongful, threatening, and abusive phone calls to him during the period November 22, 2010 through April 5, 2011, after Rivero had sent D&N written notice disputing and requesting verification of the debt.  (2d Am. Compl. ¶ 19.)  Plaintiff provides a log—which he has testified was generated by Vonage, his phone service provider—of these alleged calls, which sets out the date, time, and caller's phone number.  (Ex. C to 2d Am. Compl., Dkt. No. 29; Rivero Dep. at 10.)  Plaintiff claims that in 12 of these 15 calls, defendant Sitzer, a D&N employee, left him voicemail messages, of which he submits transcriptions, also apparently generated by Vonage.  (Ex. D to 2d Am. Compl.; Rivero Dep. at 10.)  A review of the transcriptions shows that, for each call, the caller's phone number is associated with "Daniels," and that, in certain of the messages, the caller identifies

---

Federal Trade Commission has also opined that "[s]ince the employees of a debt collection agency are 'debt collectors,' they are liable for violations to the same extent as the agency." Statements of General Policy or Interpretation Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097-02 (Dec. 13, 1988).  The Court will take that approach here.

4

himself as "Ira from the law firm of Daniels and [Norelli]."[6]

On May 16, 2012, D&N wrote to Rivero and made an offer of judgment, pursuant to Rule 68, in the amount of $1001 plus costs.[7] (*See* Scully Aff., Ex. C.) The offer was conditioned on judgment being taken against D&N only, with the action to be dismissed with prejudice against all other defendants. (*Id.*) Rivero rejected the offer.[8] (Scully Aff. ¶ 11.) Defendants argue that the judgment they offered Rivero is more than the maximum amount he may recover under FDCPA, which provides for statutory damages of up to $1000, and that he has disclaimed any actual damages he may have once sought. (Scully Aff. ¶¶ 12-13.) Defendants thus argue that their offer to plaintiff has eliminated any case or controversy from this matter, depriving the Court of subject matter jurisdiction. In the alternative, they claim that defendants Cach, Daniels, Norelli, and Ferino are entitled to summary judgment as no genuine issue of material fact remains as to those defendants. Summary judgment is not sought as to D&N or Sitzer.

---

[6] The transcriptions actually provide that Ira is calling form "the law firm of Daniels and the rally," but the Court will take notice that this is most likely a transcription error and will assume that "the rally" refers to "Norelli."

[7] Rule 68 provides that a defendant "may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). If "unaccepted" within 14 days of service, the offer is "considered withdrawn." Fed.R.Civ.P. 68(b). Rule 68 further provides that if the judgment the plaintiff ultimately obtains "is not more favorable than the unaccepted offer," the plaintiff "must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(d).

[8] D&N also apparently offered Rivero $2,000 at his deposition a few days earlier, which he also rejected. (Rivero Dep. at 46.) The record does not reflect how this offer was communicated or its terms.

## Standard of Review

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Although a court must read the pleadings and papers submitted by a self-represented party "liberally. . . and interpret them to raise the strongest argument that they suggest," *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), it nonetheless remains the plaintiff's burden, even if *pro se*, to establish the court's constitutional and statutory authority to hear the claim. *Makarova*, 201 F.3d at 113. Defects in subject matter jurisdiction may be raised at any time during the proceedings. Fed. R. Civ. P. 12(h)(3).

If the Court finds that it has jurisdiction, D&N moves alternatively for summary judgment on behalf of defendants Cach, Daniels, Norelli, and Ferino, pursuant to Rule 56. In determining the merits of a summary judgment motion, a court's duty is not to try issues of fact, but rather to "determine whether there are issues of fact to be tried." *Sutera v. Schering Corp.*, 73 F.3d 13, 15-16 (2d Cir. 1995). The moving party bears the burden of showing that there is no genuine issue as to any material fact, *see, e.g., Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005), and the court will resolve all ambiguities and draw all permissible factual inferences in favor of the nonmoving party, *see, e.g., Sec. Ins. Co. of Hartford v. Old Dominion Freight Line. Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).

If the moving party meets its initial burden of demonstrating the absence of a

disputed issue of material fact, the burden shifts to the nonmoving party. *See George v. Reisdorf Bros., Inc.,* 410 Fed. Appx. 382, 383-84 (2d Cir. 2011).  The nonmoving party may not rely solely on "conclusory allegations or unsubstantiated speculation" in order to defeat a motion for summary judgment. *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998).  Instead, the nonmoving party must "make a showing sufficient to establish the existence of [each] element to that party's case . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).  If the evidence favoring the nonmoving party is "merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50, 106 S. Ct. 2505, 2511 (1986).

## Discussion

I.    Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles Cnty. v. Davis,* 440 U.S. 625, 631 (1979) (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)).  The idea of a "legally cognizable interest" has also been described as "a requirement that a plaintiff have a 'personal stake' in the litigation." *Fox v. Bd. of Trustees of State Univ. of New York,* 42 F.3d 135, 140 (2d Cir. 1994) (citing *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 396 (1980)).  "When a defendant offers the maximum recovery available to a plaintiff" as part of a Rule 68 offer of judgment,

this eliminates the plaintiff's "personal stake" in the litigation and thus moots the case. *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006) (citing *Abrams v. Interco*, 719 F.2d 23, 32 (2d Cir. 1983)); *see also Weiss v. Fein, Such, Kahn & Shepard, P.C.*, No. 01-cv-1086, 2002 WL 449653 (S.D.N.Y. Mar. 22, 2002) (case held to be moot where defendant's offer of judgment "contain[ed] all the available relief sought by plaintiff."); *Cresswell v. Prudential-Bache Sec., Inc.*, 675 F. Supp. 106, 108 (S.D.N.Y. 1987) (a case becomes moot "when a defendant tenders all that a plaintiff could recover were a claim to be fully litigated."). "When a case becomes moot, the federal courts 'lack[ ] subject matter jurisdiction over the action.'" *Fox*, 42 F.3d at 140 (quoting *New York City Employees' Retirement Sys. v. Dole Food Co.*, 969 F.2d 1430, 1433 (2d Cir. 1992)) (alteration in original).  Recently, the Second Circuit specifically found that an FDCPA case may be mooted by a Rule 68 offer of judgment. *Doyle v. Midland Credit Mgmt., Inc.*, No. 12-4555, 2013 WL 3242148 (2d Cir. June 28, 2013) (*per curiam*).

At the same time, however, if a defendant conditions an offer of judgment on the plaintiff accepting extraneous terms, then the plaintiff can reject the offer without mooting the case. *See McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005) (case not mooted by Rule 68 offer of judgment conditioned on requirement that the settlement be confidential and filed under seal, even though accompanied by offer of all damages sought); *see also Cabala v. Crowley*, No. 12- cv-3757, 2013 WL 6066412 (2d Cir. Nov. 19, 2013) (offer to pay maximum damages available under FDCPA, without offer of judgment, does not moot case).

8

Defendants argue that their offer of judgment against D&N and $1001 plus costs exceeds Rivero's maximum recovery, and thus eliminates any "personal stake" he had in his case.  However, D&N conditioned its Rule 68 offer on judgment being taken against D&N only, and on dismissal with prejudice as to the individual defendants.  Such a conditional offer does not constitute "all the available relief [Rivero] sought," *Weiss*, No. 01-cv-1086, 2002 WL 449653, at *3, and, thus, Rivero's rejection of the offer does not moot this case. *See McCauley*, 402 F.3d at 342.  The fact that D&N offered Rivero the full amount of damages to which he was entitled is irrelevant, as an offer of settlement—even for all damages sought—without an offer of judgment against all potential wrongdoers named as defendants does not moot a case. *See Cabala*, 2013 WL 6066412, at *3.[9]

The difference between a judgment against D&N and a judgment against one or more other defendants is not merely academic.[10]  Indeed, a rule allowing joint defendants to unilaterally determine which of them judgment is taken against would invite significant mischief.  For example, a group of defendants could offer judgment against one defendant only, who turned out to be judgment-proof, forcing the plaintiff to choose between a worthless judgment and a moot case, when the plaintiff could have otherwise proceeded and obtained a judgment against other

---

[9]   Indeed, in *Cabala* the Second Circuit called into question whether any Rule 68 offer of judgment should be held to moot a case, notwithstanding its recent decision in *Doyle*. *See Cabala*, 2013 WL 6066412, at *2, n. 2; *id.* at *3, n. 4 (questioning whether *Doyle* is consistent with *McCauley*).

[10]   It is compelling that, in seeking alternative relief, defendants do not move for summary judgment on behalf of Sitzer or D&N, recognizing at minimum the existence of fact questions as to the culpability of both—not just as to D&N.

9

defendants jointly and severally with the offerer.  That may not be the game D&N sought to play here, but it is the natural result sanctioned by the ruling defendants seek.  Bathed in this light, the case is not moot, and accordingly D&N's motion to dismiss is denied.

II.    Defendants' Alternative Motion for Summary Judgment

Defendants' motion for summary judgment in favor of defendants Cach, Daniels, Norelli, and Ferino, however, is granted.  Rivero does not allege that any of the defendants other than Sitzer and D&N communicated with him in writing, by phone, or otherwise in connection with D&N's attempts to collect the purported debt.  Plaintiff bases his claims against individual defendants Daniels and Norelli on the fact that they personally prepared the state court summons and complaint on behalf of Cach, which contained an incorrect address, resulting in the default judgment that was entered against him and later vacated by stipulation. (2d Am. Compl. ¶ 25-26; Rivero Depo. at 20-21).  Defendant Ferino is named based on her appearance for D&N as a *per diem* attorney representing Cach in Civil Court on Rivero's motion to vacate the default judgment against him.  (2d Am. Compl. ¶ 30-33).  Rivero makes no specific factual allegations against Cach in his complaint, nor offers any evidence of communications between himself and Cach, and stated in his deposition that he included Cach as a defendant based on its retention of D&N in the Civil Court case.  (Rivero Dep. at 38-40).

There is thus no basis on which to sustain FDCPA claims against these defendants.  On these facts, Ferino cannot reasonably be considered a "debt

collector" as that term is defined under FDCPA, as Rivero acknowledges that Ferino's role was limited to appearing at a traverse hearing regarding service of process upon him. *See* 15 U.S.C. § 1692a(6)(D) (excluding from the definition of a "debt collector" any person acting "in connection with the judicial enforcement of any debt"). Her activities are thus not covered by FDCPA, and summary judgment in her favor is appropriate. *See Firemen's Ins. Co. of Newark, N.J. v. Keating*, 753 F. Supp. 1137, 1142-43 (S.D.N.Y. 1990). Cach, as the owner of the debt, is covered by FDCPA to the extent that—as Rivero alleges, and defendants do not dispute—Cach purchased Rivero's debt after he had defaulted on it, and "solely for the purpose of facilitating collection of such debt." 15 U.S.C. § 1692a(4). In any event, assuming that Cach is covered, Rivero has failed to allege, let alone demonstrate, any acts by Cach that would constitute a violation of FDCPA. Summary judgment is thus appropriate for Cach as well. Likewise, while Daniels and Norelli are unquestionably "debt collectors" by profession, Rivero has not alleged that these individuals have made any improper contact with him or done anything other than prepare legal documents in connection with a debt collection, albeit containing the wrong address. Daniels and Norelli, too, then, are entitled to summary judgment.

III.   <u>Other Relief</u>

Defendants also seek attorney's fees and costs in connection with their motion. FDCPA only provides these remedies for defendants where plaintiff has filed in bad faith or for the purpose of harassment. 15 U.S.C. § 1692k. Neither is the case in this lawsuit prosecuted by a party untutored by counsel. Rivero's

interpretation of the law is certainly not unreasonable for a lay person.  All relief defendants seek against Rivero, including an order barring future *pro se* filings, is denied.

## IV.   The Remaining Defendants May Renew their Offer of Judgment

Two defendants remain: D&N and Sitzer.  The Court notes that Rivero has submitted competent evidence that he sent D&N written notice disputing and requesting verification of his debt within 30 days of D&N's initial communication to him, and that Sitzer and D&N made at least 12 debt collection calls to him thereafter, in violation of 15 U.S.C. § 1692g(b).  *See supra* note 1; (*see* Exs. A and B to 2d Am. Compl.)  The Court further finds that as a matter of law, $1,000 is the maximum recovery to which Rivero is entitled on his FDCPA claim.  *See* 15 U.S.C.A. § 1692k (limiting the liability of a "debt collector" to: (1) actual damages sustained by the plaintiff due to the debt collector's violation; (2) such "additional," i.e., statutory, damages as the court may allow, but not exceeding $1000; and (3) the "costs of the action, together with reasonable attorney's fees as determined by the court.").[11]  Accordingly, the remaining parties will proceed to trial on the FDCPA

---

[11]  Rivero takes the position that he is entitled to $1000 in statutory damages for each defendant he has sued under the FDCPA, or $6,000 in total. (Rivero Aff., Dkt. No. 50, at ¶ 48-49; Rivero Dep. at 37).  However, as defendants correctly argue, the "additional damages" authorized under FDCPA § 1692k(a)(2)(A) are capped at $1000 in connection with any single case, regardless the number of defendants sued or violations alleged. *See Teng v. Metro. Retail Recovery Inc.*, 851 F. Supp. 61, 69 (E.D.N.Y. 1994) (". . . the maximum additional damages of $1000 are to be awarded for each case and not for each violation or improper communication.").

While Rivero's complaint includes a plea for actual damages, (*see* 2d Am. Compl. at ¶ 40), it does not specify the amount of actual damages he seeks, nor does Rivero make any factual

12

claim.  Of course, nothing precludes D&N and Sitzer from making a new offer of judgment—but this time, for a judgment against both defendants—in the amount of $1001 plus actual costs.  Such an offer would, if rejected, moot this case.  *See Doyle,* No. 12-4555, 2013 WL 3242148.

## Conclusion

For the foregoing reasons, defendants' motion to dismiss is denied; defendants' motion for summary judgment in favor of defendants Cach, Daniels, Norelli, and Ferino is granted; Rivero's claim under New York Local Law 15 is dismissed; and defendants' requests for attorney's fees, costs, and an order barring plaintiff from further *pro se* action, is denied.  Assuming the case is not resolved on consent, the parties are directed to Magistrate Judge Bloom for case management and preparation of a joint pretrial order.

SO ORDERED.

Dated:      Brooklyn, New York
            February 27, 2014

                                   /S/ Judge Eric N. Vitaliano
                                   ————————————————
                                   ERIC N. VITALIANO
                                   U.S. District Court Judge

---

allegations supporting an award of actual damages, despite having amended his complaint twice and engaged in discovery.  Nor does Rivero claim on this motion to seek actual damages.  The Court thus deems Rivero's claim for actual damages to have been abandoned.