UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RENY RIVERO,

                          Plaintiff,

    -against-

CACH LLC, DANIELS & NORELLI, P.C.,
IRA R. SITZER, FRED G. DANIELS,
GEORGE H. NORELLI AND HELEN
FERINO
                          Defendants.
-----------------------------------------------------------x

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 0 2 2014 ★
BROOKLYN OFFICE

MEMORANDUM AND ORDER

11-CV-4810 (ENV) (LB)

VITALIANO, D.J.,

On September 30, 2011, *pro se* plaintiff Reny Rivero initiated this action against Cach LLC ("Cach"), one of Rivero's consumer debt creditors; Daniels & Norelli P.C. ("D&N"), the debt collection law firm retained by Cach; three D&N employees; and a fourth individual attorney, seeking damages under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. Defendants moved to dismiss on jurisdictional grounds and, alternatively, sought summary judgment on behalf of all individual defendants other than Ira R. Sitzer. By Order dated February 27, 2014, this Court denied defendants' motion to dismiss, but granted summary judgment as to the four individual defendants on whose behalf it was sought. (Dkt. No. 51.) On April 1, 2014, Rivero filed a letter that the Court construed as a motion for reconsideration of the Court's February 27, 2014 Order. The Court denied that motion by Memorandum and Order dated April 14, 2014. Undeterred, Rivero yet again asks the

1

Court to reconsider its February 27, 2014 Order, this time in a "Motion for Reargument" filed on April 28, 2014. This motion, too, is denied in its entirety.

## Discussion

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Whether or not to grant such a motion "is within the sound discretion of the district court." *Federal Express Corp.*, 268 F. Supp. 2d 192, 195 (E.D.N.Y. 2003).

As an initial matter, this motion, like Rivero's prior one, is untimely under Local Civil Rule 6.3, which requires motions for reconsideration to be made within 14 days after entry of the Court's determination of the original motion. U.S. Dist. Ct. Rules S.&E.D.N.Y., Civ Rule 6.3. Even if it were not, the motion is meritless. Rivero argues that he is entitled to reconsideration because in support of their summary judgment motion, defendants submitted an attorney affirmation that had been notarized by Ira Sitzer, one of the individual defendants. Rivero cites no authority in support of this argument, and the Court is aware of none. Rivero also rehashes a series of arguments relating to the judgment against him in Staten Island Civil Court, none of which are new or availing.

Even giving his motion the most liberal reading possible, Rivero does not point to any decisions or facts that the Court has overlooked, let alone ones that would alter the conclusion reached by the Court in its earlier decisions. His second motion for reconsideration is denied.

## Conclusion

For the foregoing reasons, the motion for reconsideration is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/ Judge Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge

Dated: Brooklyn, New York
June 2, 2014