FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 27 2014 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- x
RENY RIVERO,

                Plaintiff,

      -against-

CACH LLC, DANIELS & NORELLI, P.C., IRA R. SITZER, FRED G. DANIELS, GEORGE H. NORELLI AND HELEN FERINO,

                Defendants.
---------------------------------------------------------------- x

**MEMORANDUM & ORDER**

11-CV-4810 (ENV) (LB)

VITALIANO, D.J.,

In an Order dated June 4, 2014, the Court directed the parties to show cause why the precedent announced by the Second Circuit in *Stanczyk v. City of New York*, No. 13-1582-CV, 2014 WL 2459696 (2d Cir. June 3, 2014), should not be applied in this case and, in accordance with it, that the action be dismissed for lack of subject matter jurisdiction. The parties have filed responses to the Order. For the reasons that follow, the case is dismissed with prejudice.

## Background

The factual background of this case is detailed in the Court's Memorandum and Order, dated February 27, 2014 (the "February 27 Order," Dkt. No. 51), familiarity with which is presumed, and will only be recited here as necessary.

On May 16, 2012, defendant Daniels & Norelli P.C. ("D&N") made *pro se* plaintiff Reny Rivero a written offer of judgment, pursuant to Federal Rule of Civil Procedure 68, in the amount of $1001 plus costs. Rivero declined the offer of judgment. On or

1

about August 22, 2012, all defendants, represented by D&N, moved to dismiss the complaint on the ground that Rivero's rejection of this offer deprived the Court of subject matter jurisdiction, because the amount rejected by Rivero was more than the maximum he was and is entitled to recover in this action. By the February 27 Order, this Court denied defendants' motion to dismiss. The Court held that, while the Rule 68 offer did provide for damages in excess of the maximum to which Rivero is entitled, it was not a valid offer of judgment, because it was conditioned on judgment being taken against D&N only, and on dismissal with prejudice as to the individual defendants.[1]

On June 3, 2014, the Second Circuit issued its decision in *Stanczyk*. In that case, the Circuit considered a Rule 68 offer that, like the one in this case, was made on behalf of all defendants but provided for judgment to be taken only against one of the three defendants. The court of appeals held that the Rule 68 offer was valid, finding that the fact that an offer does not provide for judgment as to each potentially liable defendant does not render it inoperable for Rule 68 purposes.

## Discussion

In *Stanczyk*, the plaintiff sued New York City and two police officers for violations of her civil rights, pursuant to 42 U.S.C. § 1983. A jury found the officers liable and awarded Stanczyk $55,000 in compensatory damages and $2,000 in punitive damages as against each officer. Prior to trial, defendants had made Stanczyck a Rule 68 Offer of

---

[1] The Court granted summary judgment to all individual defendants except Ira R. Sitzer, on grounds not relevant to this show cause proceeding. Rivero subsequently moved for reconsideration of this portion of the February 27 Order, twice, and the Court denied both motions, most recently by an Order dated June 2, 2013. (Dkt. No. 66.)

Judgment, specifically offering judgment to be taken against New York City, but not the individual officers, in the amount of $150,001. Pursuant to Rule 68, if the judgment a plaintiff ultimately obtains is less favorable than an unaccepted offer, the offeree must pay the costs incurred after the offer was made. Fed. R. Civ. P. 68(a), (d). Because the City's unaccepted offer provided for a judgment in an amount greater than that which Stanczyk obtained at trial, the district court awarded defendants costs—excluding attorney's fees—that they incurred after making the judgment offer. *Stanczyk*, 752 F.3d at 281.

On appeal, Stanczyk argued that this was improper, in part because the offer was for judgment against the City only and not the individual officer defendants. The Second Circuit disagreed, finding that "the [Rule 68] [o]ffer, as a practical matter, applied to all [d]efendants" because it expressly released and discharged all defendants from liability, provided that judgment would be in full satisfaction of Stanczyk's claims against all defendants, and was submitted by New York's Corporation Counsel expressly on behalf of both the City and the two individual defendants. *Id.* at 283. This, the court taught socratically, raised the question of "whether an offer that unambiguously applies to all named defendants is nevertheless inoperative for purposes of Rule 68 because it does not provide for judgment to be taken against each defendant." *Id.* The Second Circuit answered that such an offer is valid under Rule 68. The Circuit noted that Rule 68 "provides the defending party with discretion to 'allow judgment on specified terms,'" terms which the Second Circuit held "need not include

3

taking judgment against each defendant." *Id.* As such, the offer was valid and the award of costs was proper.

Akin to *Stanczyk*, the Rule 68 offer that defendants made to Rivero was made on behalf of all defendants by counsel for all defendants, released all defendants from liability, and discharged all claims, but offered judgment to be taken against only one defendant. Under *Stanczyk*, and contrary to the Court's prior Order, this offer of judgment was sufficient to be operative under Rule 68. As this Court previously found, defendants' offer was for more than the maximum damages to which Rivero was entitled. With *Stanczyk* dissipating any cloud of Rule 68 invalidity, this Court lacks subject matter jurisdiction over the controversy, and the case must be dismissed as moot. *See Ward v. Bank of New York*, 455 F. Supp. 2d 262, 267 (S.D.N.Y. 2006); (Dkt. No 51 at 7-8). It is assumed D&N will tender payment to Rivero in satisfaction of the firm's representation to the Court in its Rule 68 offer.

## Conclusion

For the foregoing reasons, this case is dismissed with prejudice for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment, to tax costs against defendant Daniels & Norelli P.C., and to close this case.

        SO ORDERED.

Dated:      Brooklyn, New York
              August 25, 2014

    s/Eric N. Vitaliano

**ERIC N. VITALIANO**
United States District Judge